IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| SEAN EGAN, | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  18-1563 |
| | : | |
| INSEARCH PARTNERS, STEVEN | : | |
| PRUETTE, CHRISTOPHER PRUETTE and | : | |
| WILLIAM BRONNER, ESQUIRE, | : | |


## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                    **January 16, 2019**

## I.        INTRODUCTION

Plaintiff commenced this lawsuit on March 9, 2018, against Defendant William Bronner, Esq, and Defendants, InSearch Partners, Steven Pruette and Christopher Pruette ("Pruette defendants") in the Court of Common Pleas of Montgomery County. On April 13, 2018, the matter was removed to this Court by Defendant Bronner. As to Defendant Bronner, this matter stems from his legal representation of the Pruette defendants in an American Arbitration Association ("AAA") Arbitration involving Plaintiff and his company, Egan-Jones Ratings Company ("EJR"). Defendant Bronner has moved to dismiss Plaintiff's Complaint. For the reasons that follow, I will grant Defendant's motion and dismiss him as a defendant in this matter.

## II.       FACTS

InSearch Partners is owned by the Pruette defendants and sells research products to professional fiduciaries. (Compl. at Ex. B., p. 2.) EJR is a Nationally Recognized Securities

Rating Organization ("NRSRO") which sells Credit Analysis and Proxy Research and Voting Services. (Compl. at Ex. B, p. 2) The AAA Arbitration in this matter focused on an agreement entered into between EJR and InSearch Partners in December of 1998. Defendant Bronner filed an Amended Demand for Arbitration on behalf of his clients, the Pruette defendants, with the American Arbitration Association, on August 6, 2015, against Plaintiff individually and EJR. (Compl. at Ex. B.)

The 1998 Agreeement was entered into between the Pruette defendants and EJR "to codify an oral Agreement between Sean J. Egan, Egan-Jones Ratings Company (EJR), Steven Pruette, Christopher Pruette, and InSearch Partners (IP); whereby IP would sell the Egan-Jones Ratings Service for research on corporate debt issues and issues (Service) to investment professionals, and to resellers, and others." (Compl. at Ex. A.) Pursuant to the 1998 Agreement, "IP shall be the sole agent authorized to sell the Service to the professional investment community and to receive a percentage of the invoice price during the term of this agreement and its renewal periods." (Compl. at Ex. A, ¶ 2.) The Agreement also contained an arbitration provision, calling for "any controversy or claim arising out of or relating to this agreement, or the breach thereof" to be "settled by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. . ." (Compl. at Ex. A, ¶ 18.)

At some point, there was a breakdown in the relationship between Egan and the Pruette defendants and Defendant Bronner filed the aforementioned arbitration demand in December of 2014, then filed an amended demand in August of 2015. Plaintiff sought to be dismissed from the arbitration as an individual, claiming that he was not a party to the 1998 agreement. The arbitrator rejected Plaintiff's efforts to be dismissed from the arbitration, and on March 21, 2016, issued a Partial Final Award that denied the Pruette defendants' claims against Plaintiff

individually. (Compl. at ¶¶ 15-17.) Plaintiff filed the Complaint in the instant matter raising claims of civil conspiracy and wrongful use of civil proceedings against Bronner and the Pruette defendants, and Defendant Bronner only filed a motion to dismiss. For the reasons that follow, I will grant Defendant Bronner's motion and he will be dismissed from this lawsuit.

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).  While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S.

at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

## IV.     DISCUSSION

### A.     Civil Conspiracy Claim

In Pennsylvania, in order to prove civil conspiracy, a plaintiff must prove: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313 (3d Cir. 2003). However, according to the intracorporate conspiracy doctrine, a "single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Brobst v. Crossett*, 2017 WL 2377729, at *5 (E.D. Pa., May 31, 2017). The intracorporate conspiracy doctrine also applies in the attorney-client context, and "[w]hen an attorney's alleged conspiratorial conduct occurs within the scope of representation, the conduct cannot be characterized as actionable conspiracy." *Pedro v. City Fitness, LLC*, 2018 WL 1566798, at * 8 (E.D. Pa., Mar. 30, 2018*), citing Evans v. Chichester Sch. Dist*., 533 F.Supp.2d 523, 529 (E.D. Pa. 2008). In other words, unless an attorney is "'acting in a purely personal capacity,' the intracorporate conspiracy doctrine apples." *Sung Tran v. Delavau, LLC*, 2008 WL 2051992, at *11 (E.D. Pa. May 13, 2008).

In the instant matter, Plaintiff fails to present any specific factual allegations against Defendant Bronner that his alleged conduct was done for his sole personal benefit. In fact, the Complaint alleges the exact opposite, stating that "[d]espite Egan not being a party to any agreement with the Pruettes, Defendant Bronner **as attorney for the Pruettes** instituted an American Arbitration Association proceeding against Ratings and Egan individually." (Compl. at

¶ 13)(emphasis added). Plaintiff also pleads that "Bronner at all relevant times served as counsel to the Pruettes pursuant to an Engagement Letter." (Compl. at ¶ 14) Plaintiff's failure to specifically plead that Defendant Bronner acted for his sole personal benefit permits the intracorporate conspiracy doctrine to apply in the instant matter, as Defendant Bronner was clearly acting as counsel for the Pruette defendants at all relevant times. Therefore, the intracorporate conspiracy doctrine directs that Defendant Bronner cannot conspire with his clients. Plaintiff's mere vague allegation that "Bronner utilized his position to wrongfully advance his own interest" (Compl. at ¶ 32), is insufficient to state a claim for civil conspiracy as to Bronner. Accordingly, the civil conspiracy claim as to Defendant Bronner is dismissed from Plaintiff's Complaint with prejudice.

### B. Dragonetti Act Claim

Count II of Plaintiff's Complaint sets forth a claim against Defendant Bronner and the Pruette defendants for wrongful use of civil proceedings, codified in Pennsylvania by the Dragonetti Act, 42 Pa.C.S.A. § 8351-8354. In order to succeed on a Dragonetti claim, plaintiff must prove the following: (1) The defendant has procured, initiated or continued the civil proceedings against him; (2) The proceedings were terminated in his favor; (3) The defendant did not have probable cause for his actions; (4) The primary purpose for which the proceedings were brought was not that of securing proper discovery, joiner of parties or adjudication of the claim on which the proceedings were based; and (5) The plaintiff has suffered damages as set forth in 42 Pa.C.S. § 8353. *Adams v. Wells Fargo Bank, N.A.*, 2017 WL 1355421, at *2 (E.D. Pa. 2017). A plaintiff seeking redress under the Dragonetti Act "bears a heavy burden." *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 394 (3d Cir.2002).

For purposes of the Act, a person has probable cause to initiate or continue civil proceedings if "he reasonably believes in the existence of the facts upon which the claim is based," and either: (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law; (2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or (3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party. 42 Pa. C.S.A. § 8352.

The burden is on the Dragonetti Act plaintiff to show a lack of probable cause. *Id.,* § 8354(3). To satisfy this burden, the plaintiff must show the defendant "had no reasonable basis for filing the underlying action." *Villari Brandes & Giannone, PC v. Wells Fargo Financial Leasing, Inc.*, 2013 WL 5468497, at * 5 (E.D. Pa., Sept. 30, 2013), *citing Broadwater v. Sentner*, 725 A.2d 779, 783 (Pa. Super. Ct. 1999)). The question is not whether the defendant "is correct in believing that the court would sustain the claim, but whether his opinion that there was a sound chance that the claim might be sustained was a reasonable one." *Bobrick Corp. v. Santana Prods., Inc.,* 698 F.Supp.2d 479, 495 (M.D.Pa. 2010) (quoting Restatement (Second) of Torts § 675 cmt. f (1977)), *aff'd,* 422 F. App'x 84 (3d Cir.2011). The existence of probable cause is for the court to decide as a matter of law when the facts are not in dispute, *Schmidt v. Currie,* 217 F. App'x 153, 155 (3d Cir. 2007), and these issues may be resolved on a motion to dismiss, *see U.S. Express Lines Ltd.,* 281 F.3d at 395–96; *Bobrick Corp.,* 698 F.Supp.2d at 491–92.

Plaintiff's Complaint in this matter provides no information that would allow the Court to conclude that Defendant Bronner filed a demand for arbitration on behalf of the Pruette Defendants in a grossly negligent manner or without probable cause. The Complaint alleges that

Plaintiff individually was never a party to the 1998 Agreement between EJR and the Pruettes, and that Defendant Bronner commenced arbitration proceedings against EJR and Plaintiff individually, despite Plaintiff not being a party to the agreement. (Compl. at ¶¶ 11, 13) The Complaint also alleges that Plaintiff was named as a party to the arbitration proceedings "solely to harass him and to try to extort a quick settlement from Ratings," and that the proceeding was "brought for an improper purpose as Egan was never a party to any agreement with Pruettes let alone an agreement to arbitrate." (Compl. at ¶¶ 18, 20) Lastly, the Complaint alleges that "Defendants knowingly filed and prosecuted the Proceeding against Egan with an improper purpose and without probable cause," and that "Bronner utilized his position to wrongfully advance his own interest, so that Defendants could place pressure on Egan in furtherance of their scheme for revenge." (Compl. at ¶¶ 31-32)

I find that these conclusory allegations are insufficient to set forth sufficient facts to establish that Defendant Bronner was grossly negligent or acted without probable cause in including Plaintiff in the AAA arbitration. Plaintiff's allegations in the Complaint that he was not a party to the agreement individually fail to establish that Defendant Bronner had no reasonable basis for filing the arbitration proceeding against Plaintiff individually. Plaintiff fails to plead that there was no other basis for his inclusion as a party in the arbitration. Further, Defendant Bronner sets forth a brief statement suggesting that Plaintiff was amenable to arbitration as an "affiliate" of a "regulated entity" engaged in an "industry dispute" pursuant to the 2001 Dodd-Frank Amendments to the U.S. Securities Exchange Act of 1934, 15 U.S.C. 78o-7. *See* Bronner's Memorandum, docket no. 5, p. 4, fn 1. Accordingly, Defendant Bronner clearly had

probable cause to include Plaintiff in the arbitration proceedings, and Plaintiff's wrongful use of civil proceedings claim is dismissed as to Defendant Bronner.[1]

## V.     CONCLUSION

The Complaint fails to state a claim against Defendant Bronner upon which relief may be granted. The Court of Appeals has held that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008) (citations omitted). In this case, however, Plaintiff should not be given leave to amend his complaint because any amendment would be futile as there is no way to plead that Defendant Bronner is liable for civil conspiracy, nor is there any pleading that could properly subject him to a Dragonetti claim. Accordingly, I will dismiss the complaint with prejudice as to Defendant Bronner.

---

[1] Defendant Bronner also argues that an AAA proceeding is not a "civil proceeding" so as to fall under the Dragonetti Act. However, as I find that Defendant Bronner had probable cause to file the AAA proceedings against Plaintiff, Plaintiff's Dragonetti Act claim must fail, and I do not reach Bronner's argument that a AAA proceeding does not fall under the Dragonetti Act.